(C.D. 3356)

BORDER BROKERAGE COMPANY, INC. v. UNITED STATES

United States Customs Court, First Division

(Decided March 12, 1968)

*Glad & Tuttle* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON, MALETZ, and RAO, Judges

RAO, Chief Judge: The merchandise covered by the protests enumerated in schedule A, annexed to this decision and made a part hereof, consists of Elastomuffles which were classified under item 774.60 of the Tariff Schedules of the United States as "Articles not specially provided for, of rubber or plastics; Other," and assessed with duty at the rate of 17 per centum ad valorem.

The only claim relied upon by the plaintiff in its protests is that said merchandise should have been properly assessed with duty at the rate of 12 per centum ad valorem under item 696.15 of said tariff schedules as parts of yachts or pleasure boats.

These protests have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed RFF (Examiner's Initials) by Examiner R. F. Frick (Examiner's Name) on the invoices covered by the protests enumerated in Schedule "A" attached hereto and made a part hereof, consist of Elastomuffles similar in all material respects to the merchandise the subject of *Border Brokerage Company, Inc.* v. *United States*, C.D. 2948, wherein the Court held that Elastomuffles were properly dutiable as parts of yachts or pleasure boats at 12% ad valorem under Item 696.15.

IT IS FURTHER STIPULATED AND AGREED that the record in *Border Brokerage Company, Inc.* v. *United States*, C.D. 2948, be incorporated in the record of these cases and that the protests be submitted on this stipulation, the protests being limited to the items marked "A" as aforesaid.

Upon the agreed statement of facts and the cited authority, we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 12 per centum ad valorem as parts of yachts or pleasure boats, as provided in said item 696.15. The claim in the protests to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.